UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA WILSON ILER,

      Plaintiff,

v.

JUDGE BRETT SPENCER, et al.,

      Defendants.

Case No. 1:15-cv-582

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Background**

Pursuant to local practice, this pro se case has been referred to the undersigned magistrate judge for all pretrial proceedings, as well as for a Report and Recommendation on any dispositive motions. The undersigned now recommends the *sua sponte* dismissal of this case, for lack of federal jurisdiction, under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000).

On September 9, 2015, Plaintiff paid the full filing fee and initiated this suit against multiple defendants, including: (1) Judge Brett Sepcer; (2) Maigstrate James Schlueter; (3) Tanya Drinnon, private actor; (4) David Grimes, private actor; (5) Michael Farahay, private actor; (6) Matthew Iler, private actor; (7) Chase Gleason, private actor; (8) Tyler Cantrell; and (9) Christopher D. Kelley, pro se attorney. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983, as well as "supplemental & pendent" jurisdiction to consider her state law claims. There is no indication in the record that summons has been issued, and no Defendant has yet

appeared to answer the complaint.

Plaintiff alleges that her claims arise out of a prior juvenile child custody case in state court. (Doc. 1 at 3). Plaintiff states that she attempted to appeal an adverse custody ruling to the Ohio Court of Appeals for the Fourth District, but that the Ohio appellate court affirmed the adverse decision "based upon the fraudulently altered case documents purporting to be the original 'record on appeal' that was transmitted by the trial court (Adams County)." (Doc. 1 at 4). At the heart of Plaintiff's complaint are allegations that her custody rights were improperly terminated in violation of various procedural rules as well as her equal protection rights. Plaintiff further alleges that, when she attempted to appeal the termination of her rights, the Ohio Court of Appeals erred by stating that the trial court had complied with certain juvenile court rules, According to Plaintiff, the trial court "intentionally set out to fraud an appellate court and judges that preside their [sic] by changing the records in order to prevail and further injure plaintiff all the while portraying to be all in a child's best interest." (Doc. 1 at 6). Apparently, the "fraud" that occurred relates to some portion of the juvenile court's electronic record suggesting that "a request for in-camera interview transcript was issued," when in fact "there was no record of the ordering...." (*Id.*). Within the body of Plaintiff's complaint is a request for "a temporary restraining order or other injunctive relief...." (Doc. 1 at 7).

The undersigned takes judicial notice of the state court case of *Amanda Wilson v. Michael Farahay*, Case No. 14CA994, 2015 WL 3886438 (Ohio Ct. App., Fourth Dist., June 15, 2015), in which the Plaintiff herein unsuccessfully appealed the modification of a prior decree allocating parental rights and responsibilities between herself and her

2

former spouse, the father of the child in question. The juvenile court changed the residential parent from Plaintiff to the child's father, based upon a finding of a "change in circumstances" and additional findings related to the best interests of the child, and that the "harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." The primary basis for the trial court's decision was a finding that domestic violence was occurring in the residential home of Plaintiff, apparently perpetrated against Plaintiff by her live-in boyfriend, and witnessed by the child. On appeal, the Ohio Court of Appeals noted that the appellant (Plaintiff herein) limited her argument "to the trial court's change-in-circumstances finding: without "specifically challeng[ing] the court's best interest finding or its R.C. 3109.04(E)(1)(a)(iii) finding)." The appellate court affirmed, rejecting the appellant's arguments that no significant domestic violence had occurred, and concluding that the trial court had not abused its discretion by modifying the prior custody order. In addition to the referenced case, Plaintiff herself alleges that the following decisions of the Ohio Supreme Court are "directly relevant to the underlying Juvenile Case and the attempted appeal that further caused this action to be filed," (Doc. 1 at 4); *see generally State ex rel. Iler v. Spencer*, 142 Ohio St.3d 1462 (Ohio May 20, 2015); *id.*, 142 Ohio St.3d 1471 (Ohio May 22, 2015), and *id.*, 143 Ohio St. 3d 1448 (Ohio, Aug. 26, 2015).

**II. Analysis**

Having undertaken a review of the instant complaint to determine the basis for subject matter jurisdiction, the undersigned concludes that this is the rare fee-paid case that warrants *sua sponte* dismissal, because "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

3

discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)). As the Sixth Circuit stated in affirming the *sua sponte* dismissal of a similar case:

> Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *Catz v. Chalker,* 142 F.3d 279, 290 (6th Cir.1998). Rather, state courts have exclusive jurisdiction over these matters. *See Ankenbrandt* at 703–04; *Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir.1995). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, *see Drewes v. Ilnicki,* 863 F.2d 469, 471 (6th Cir.1988), federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *Id.* Additionally, federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct state court judgment. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).
>
> Here, the district court correctly declined to address plaintiff's claims. Plaintiff's contentions that he somehow was denied his federal constitutional rights in state court litigation are conclusory. Rather, a fair reading of the plaintiff's complaint and his brief on appeal reveals that the instant case essentially is a pretense to obtain federal review of domestic relations matters. As such, plaintiff's complaint constitutes an impermissible attack on state court proceedings. Under these circumstances, the district court correctly concluded that it lacked jurisdiction to review plaintiff's claims.

*Danforth v. Celebrezze*, 76 Fed. App'x 615, 616-17 (6th Cir. 2003); *see also McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999).

In addition to concluding that Plaintiff's complaint constitutes an impermissible attack on a state court child custody decree, the undersigned notes that two of the named Defendants (Magistrate James Schleuter and Judge Brett Spencer) are entitled to absolute judicial immunity. *See Barnes v. Winchell,* 105 F.3d 1111, 1115-16 (6th Cir.1997); *see also Forbush v. Zaleski*, 20 Fed. Appx. 481 (6th Cir. 2001)(affirming *sua*

4

*sponte* dismissal of fee-paid complaint on the basis of judicial immunity). All remaining Defendants are identified as "private actor[s]" against whom there are no specific allegations whatsoever, other than their cursory identification as Defendants. In order to state any claim under §1983, a plaintiff must allege conduct by each named defendant that has been taken "under color of state law." *See Hines v. Langhenry*, 462 Fed. Appx. 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

### III. Conclusion and Recommendation

For the reasons discussed above, **IT IS RECOMMENDED THAT** Plaintiff's complaint be DISMISSED *sua sponte* with prejudice for lack of subject matter jurisdiction, and that this case be closed.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AMANDA WILSON ILER,

    Plaintiff,                            Case No. 1:15-cv-582

    v.                                   Dlott, J.
                                      Bowman, M.J.

JUDGE BRETT SPENCER, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6